HILLSDALE HI-SPEED COMPANY *v.* HICKS.

1. JURY—POLL OF JURY—CONFUSION AS TO FORM OF VERDICT.
    Polling of jurors by trial judge in action arising out of automobile accident did not result in prejudicial error or violation of statute concerning the questioning of a juror as to a verdict, where it fairly appears that prior to such event the jury had concluded that each driver involved was guilty of negligence but that one of the jurors was confused concerning the proper form of the verdict (CL 1948, § 618.41).

2. TRIAL—COMMUNICATION BETWEEN TRIAL JUDGE AND JURY NOT A PART OF TRIAL RECORD—FORM OF VERDICT.
    Communication by trial judge to jury, after he had been apprised that the jury had reached its verdict, which related solely to the form of the verdict and in answer to the query of a juror about the matter which had already been covered by the judge's instructions to the jury, did not constitute reversible error even though the communication to and from the trial judge was not made a part of the trial record (CL 1948, §§ 618.58, 691.434; Court Rule No 37, § 9 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial, § 904.
[1–3] Furnishing or reading instructions to jury, in jury room, after retirement, as error. 96 ALR 899.

3. Appeal and Error—New Trial—Affidavit of Juror as to Confusion Relating to Form of Verdict.

> Trial court's denial of plaintiffs' motion to strike an affidavit of a juror, relating to confusion she had had as to form verdict should take after jury had determined that both drivers involved in automobile accident were guilty of negligence contributing thereto, which affidavit was in support of defendants' answer to motion for new trial, did not constitute error prejudicial to plaintiffs, where their attorney had already submitted an affidavit which, in all material aspects covered the same facts as were disclosed in the juror's affidavit.

Appeal from Jackson; Boardman (Harry D.), J. Submitted April 4, 1951. (Docket No. 21, Calendar No. 45,049.) Decided May 14, 1951.

Case by Hillsdale Hi-Speed Company, a Michigan corporation, and another against F. Wayne Hicks and another for damages caused by automobile accident. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Rosenburg, Painter & Davidson,* for plaintiffs.

*Ballard, Jennings, Bishop & Fraser* (*Everett R. Trebilcock,* of counsel), for defendants.

North, J. Plaintiffs' suit is for damages to its motor vehicle alleged to have been caused by the negligence of defendant Hugh Prudden as driver of another motor vehicle owned by defendant F. Wayne Hicks, and for loss of profits as a result thereof. On trial by jury, verdict and judgment were for defendants, the jury having found that each of the drivers of the motor vehicles was guilty of negligence which contributed in proximately causing the accident and resultant damages. Plaintiffs have appealed.

After having deliberated for some time the jurors returned to the courtroom and the acting foreman announced that they found "the defendants not guil-

ty." Thereupon juror Ruth B. Stump stated: "I would like to make a comment on that. That wasn't our verdict that we came to." The court then polled the jurors and the first 7 stated that the verdict as announced was their verdict; but juror number 8, Mrs. Stump, stated to the court: "No, that wasn't the way I understood it. I am sorry." The court continued to poll the 4 remaining jurors, and they concurred in the verdict as announced. Thereupon the court instructed the jury to resume their deliberations since it was not a unanimous verdict. At the time plaintiffs' attorney was not present in the courtroom. One of the questions presented by appellants is as follows:

"Did the court err in continuing to poll a jury after the eighth juror interrogated stated it was not her verdict?"

In appellants' brief the contentions are made that the trial court not only erred in polling the jury after Mrs. Stump stated it was not her verdict, but also that it was error for the trial judge, under the circumstances, to have polled the jury at all. Appellants argue that the polling of the jury "served no useful purpose whatever" and that it was in violation of CL 1948, § 618.41 (Stat Ann § 27.1021), which in substance provides that a juror shall not be questioned concerning any verdict rendered in which he concurs, nor shall he be subject to any action on account of such verdict, except to indictment for corrupt conduct in rendering the verdict. We are not in accord with the above contentions of appellants for the reasons about to be noted. It appears plainly from the record that Mrs. Stump was confused concerning the proper form of the jury's verdict. It also fairly appears from the record that in their deliberations all the jurors had concluded that the driver of each of the motor vehicles involved in the accident

was guilty of negligence; and hence, and perhaps quite naturally, Mrs. Stump felt that a verdict of not guilty was improper in form. Under the circumstances we conclude that prejudicial error did not result from the polling of the jury.

Another question presented by appellants, and which they assert should be answered in the affirmative, is as follows:

"Is it error for the circuit court to receive a written inquiry from a jury while its deliberations are in progress, and to send to the jury room a written answer to such communication without notice to the parties or their counsel, with such action not being conducted in open court and not being made a matter of record?"

The facts and circumstances pertinent to the above question are as follows: After the return of the jurors to the jury room, as above noted, and while the jurors were further deliberating, there was sent, by the court officer, from the jury room to the trial judge a note written by the juror, Mrs. Stump, which note seems to have been destroyed by the jury. In appellants' brief it is stated that according to an affidavit of Mrs. Stump, submitted incident to the hearing of plaintiffs' motion for a new trial, the note read as follows:

"The jury has come to find the defendants negligent and also the plaintiff negligent. Does a not guilty verdict cover this (erroneously printed in the record: 'Does not a guilty verdict cover this'). Put me right on this."

Appellants' brief further states:

"The trial judge wrote the answer 'Yes' on the note and sent it back to the jury through the court officer."

In his opinion incident to denying plaintiffs' motion for a new trial, referring to the note, the trial judge stated:

"It read as follows: 'Judge, I find the defendants guilty of negligence and the plaintiffs' driver guilty of contributory negligence. Does a verdict of not guilty cover this?' Signed: 'Ruth Stump.' * * * I wrote on the same sheet of paper these words: 'The answer to your question is yes', and signed it: 'Judge Boardman.'"

Upon return of the note to the jury room Mrs. Stump was informed that the answer of the court was in the affirmative. She did not personally read the reply of the circuit judge. Neither the attorney appearing at the time for plaintiffs nor the attorney appearing for defendants at the trial had any knowledge of the incident just above noted. However they were present when the jury's unanimous verdict of not guilty was rendered less than an hour later the same forenoon. After the jury had been excused and had left the courtroom, the circuit judge informed counsel for the respective parties in detail as to the note of inquiry from the jury room and his affirmative reply thereto. In plaintiffs' motion for a new trial this phase of the case was made to appear in the affidavit of plaintiffs' counsel and otherwise, and was stressed as an error in consequence of which plaintiffs asserted they were entitled to a new trial. Plaintiffs contend that under the statutes of this State* and the established practice in its courts of record, it is requisite that all matters pertaining to the court's charge shall be made and become a part of the trial record, and that this requisite was not conformed to in the instant case when the trial judge

* CL 1948, § 618.58 (Stat Ann § 27.1038); CL 1948, § 691.434 (Stat Ann § 27.1093). Also Michigan Court Rules (1945), No 37, § 9.

received the note of inquiry to which he returned his answer in writing to the jurors in the jury room.

Briefs submitted in the instant case disclose much seeming conflict in decisions rendered by courts of last resort on the question of whether communications, either oral or written, between the trial court and a jury still engaged in deliberation, which communications do not occur in open court or are not made a part of the record, constitute reversible error per se or whether reversible error results only when so doing is prejudicial to a litigant's right to a fair trial.

"According to some cases, however, error in failing to give the instructions in open court is not ground for reversal if it is apparent that no prejudice resulted; but there is clearly ground for reversal if there is any uncertainty as to the contents of the instructions privately communicated to the jury." 64 CJ, § 839, p 1042.

In the instant case it is important to bear in mind that the jury had arrived at their conclusion that their verdict should be in favor of defendants before the note of inquiry was sent to the trial judge, and he was advised that such was the status of the jury's deliberations before he sent his answer to the note to the jury room. Clearly this note and the answer thereto did not pertain to any phase of the case bearing upon plaintiffs' right to recover. Instead, the note and the reply thereto pertained solely to the proper form in which a verdict in favor of defendants should be rendered; and the inquiry was made after the jury had decided that their verdict should be in favor of defendants. It expressly appears in the record that the matter to which the note of inquiry and the circuit judge's answer pertained had been covered in the court's instructions previously given to the jury as to the form of their

verdict if in favor of the defendants. Under the circumstances we are of the opinion that no prejudice resulted to plaintiffs and that the noted circumstance does not constitute a just ground for reversal.

Incident to another ground of alleged error, appellants have presented the following question:

"Did the court err in refusing to strike the affidavit of a juror contained in an answer to a motion for a new trial?"

In opposition to plaintiffs' motion for a new trial, which was denied, defendants submitted an affidavit of the juror Mrs. Stump. The affidavit purports to explain Mrs. Stump's confusion as to the proper form of the verdict that should be rendered—*i.e.*, not guilty, after she and the other jurors had come to the conclusion that each of the drivers of the respective motor vehicles involved in the accident which led to this suit was "guilty of negligence contributing to said accident." The affidavit also detailed the circumstances incident to the note of inquiry having been sent to the trial judge and his answer thereto, and Mrs. Stump's concurrence in a verdict of not guilty, after she understood it, was proper in form. Prior to the hearing of plaintiffs' motion for a new trial they made a motion to strike the affidavit which defendants had obtained from Mrs. Stump, "for the reason that said affidavit (being the affidavit of a juror) is improper and is in violation of the statutory and common law of the State of Michigan." Appellants contend that denial of their motion to strike constitutes ground for reversal. Such contention is not tenable. In support of their motion for a new trial appellants had submitted an affidavit of their attorney, which in all material aspects covered the same facts as were disclosed by Mrs. Stump's affidavit. Hence, we con-

clude that refusal to grant plaintiffs' motion to strike was in no way prejudicial to plaintiffs.

The judgment entered in the circuit court is affirmed, with costs to appellees.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.